Sandra Mirna FIGUEROA–
OJEDA, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 05–70927.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 23, 2010.

Teodora D. Purcell, Esquire, Aguirre
Law Group, APC, San Diego, CA, for Peti-
tioner.

Ronald E. LeFevre, Office of the Dis-
trict Counsel, Department of Homeland
Security, San Francisco, CA, OIL, Barry
A. Weiner, Esquire, Norah Ascoli Schwarz,
Senior Litigation Counsel, U.S. Depart-
ment of Justice, Elizabeth J. Stevens, As-
sistant Director, Office of Immigration Lit-
igation, Washington, DC, for Respondent.

Before: FERNANDEZ, GOULD, and
M. SMITH, Circuit Judges.

MEMORANDUM **

Sandra Mirna Figueroa–Ojeda, a native
and citizen of Mexico, petitions for review
of the Board of Immigration Appeals'
("BIA") order summarily affirming an im-
migration judge's ("IJ") decision finding
that she knowingly participated in alien
smuggling. Our jurisdiction is governed
by 8 U.S.C. § 1252. We review de novo
questions of law and due process claims,
and for substantial evidence the agency's
findings of fact. *Mohammed v. Gonzales,*

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

 Figueroa–Ojeda's due process rights were not violated by the admission of the smuggled alien's Form I–213 because the form was probative and its admission was fundamentally fair. *See Espinoza v. INS*, 45 F.3d 308, 310–11 (9th Cir.1995) (noting that "[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair," and rejecting the argument that a Form I–213 was inadmissible as hearsay). Figueroa–Ojeda was able to cross-examine the author of the forms, *see id.* at 311, and the government made a reasonable effort to produce the smuggled alien to testify at the hearing, *see Hernandez–Guadarrama v. Ashcroft*, 394 F.3d 674, 681–82 (9th Cir. 2005).

 According to the Form I–213, the smuggled alien stated that he was going to pay Figueroa–Ojeda $500 after they crossed the border. Substantial evidence therefore supports the IJ's determination that Figueroa–Ojeda knowingly participated in the smuggling attempt. *See Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 748–49 (9th Cir.2007).

We lack jurisdiction to review Figueroa–Ojeda's contention that she did not have an adequate opportunity to review the government's evidence because she failed to raise that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

Figueroa–Ojeda's remaining contentions are unpersuasive.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.